UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

MARCUS J. JOHNSON                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:13-cv-980-FKB

CERT (MCT) a.k.a. Black Team, ET AL.                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motions for summary judgment [72,76 and 78] filed by certain defendants.  Having considered the parties' filings, the Court concludes that the motions are well taken and are hereby granted.

BACKGROUND

Plaintiff, a state inmate, filed this Section 1983 action alleging that his constitutional rights were violated during his incarceration at the East Mississippi Correctional Facility (EMCF).  More specifically, Plaintiff alleges that he was subjected to excessive force, inhumane living conditions, denial of medical treatment, and deprivation of his property without due process of law.  [1].  An omnibus hearing[1] was held on June 6, 2013, during which Plaintiff testified regarding his claims.  All parties consented to the undersigned hearing this case pursuant to 28 U.S.C. § 636.

---

[1] The Court held what is known as a "Spears Hearing" in this claim brought pursuant to 42 U.S.C. §1983, to insure Plaintiff had every opportunity to fully explain his claim against Defendants.  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

EXHAUSTION

The various defendants argue that they are entitled to summary judgment for a myriad of reasons. However, the issue of exhaustion, raised in the motion at Docket No. 78, must be examined first.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008)(stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement)(citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court held that 42 U.S.C. § 1997e, revised as a part of the Prison Litigation Reform Act of 1995 ("PLRA"), requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 741. The United States Supreme Court has reiterated this position, holding that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010).

Plaintiff's testimony at the omnibus hearing was clear that he did not exhaust. [76-1] at 55-56. Though Plaintiff may have misunderstood the applicable two-step administrative remedy process, since he seemed to be testifying that his grievance was rejected for a procedural reason at the first step and therefore he could file with this Court as his second step, the fact remains that he did not exhaust administrative remedies.

In support of their motion, Defendants submitted the affidavit of Rebecca Naidow, Administrative Remedy Program Clerk at EMCF.  In her affidavit, Ms. Naidow addresses each of Plaintiff's claims and as to each, she testifies that Plaintiff's "has not had any grievances regarding [the claim] ... accepted into the ARP process" and that "he has not completed the ARP process regarding [the claims]....  Plaintiff failed to show that he filed any grievance(s) or completed the ARP process on his claims asserted in this case.  [80].  Accordingly, this case is dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint is dismissed without prejudice.

SO ORDERED AND ADJUDGED, this the 5th day of May, 2014.


/s/   F. Keith Ball
UNITED STATES MAGISTRATE JUDGE